**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

In re   Health Diagnostic Laboratory, Inc., et al.

                      Debtor(s)

Chapter   11

Case No.   15-32919-KRH

Adv. Proc. No.   17-03846-KRH

## GARNISHMENT SUMMONS

Richard Arrowsmith as Liquidating Trustee of the HDL Liquidating Trust
c/o Brittany B. Falabella, Esquire
Hirschler Fleischer, P.C.
2100 E. Cary Street
Richmond, VA 23223

**Judgment Creditor (Name & Street Address)**
Lynn Mercurio
414 Quay Assisi
New Smyrna Beach, FL 32169



**Judgment Debtor (Name, Street Address & Last Four Digits of SSN)**

Hearing Date and Time  10/12/2021 @ 11:00 a.m.     , in the United States Bankruptcy Court
EDVA, Richmond Division, United States Courthouse, 701 E. Broad St., Room 5000, Richmond, Virginia, 23219.

| MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT | STATEMENT | |
|---|---|---|
| | Judgment Principal | $ 5,290.00 |
| | Credits | $ 0.00 |
| | Interest | $ 7.40 |
| Support | Judgment Costs | $ 350.00 |
| 50%   55%   60%   65% | Attorney's Fees | $ 1,000.00 |
| (if not specified, then 50%) | Garnishment Costs | $ 65.00 |
| state taxes, 100% | | |
| If none of the above are checked, then § 34-29(a) (printed on the reverse side of this summons) applies | TOTAL BALANCE DUE | $ 6,712.40 |

The garnishee shall rely on this amount.

08/16/2021
**Date of Judgment**

**TO ANY AUTHORIZED OFFICER:** You are hereby commanded to serve this summons on the judgment debtor and the garnishee.
**TO THE GARNISHEE:** You are hereby commanded to
(1) File a written answer with this court, or
(2) Deliver payment to this court, or
(3) Appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.
As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations:
(1) The maximum amount which may be garnished is the "TOTAL BALANCE DUE" as shown on this summons.
(2) If the sums of money being garnished are earnings of the judgment debtor, then the provision of "MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT" shall apply.

If a garnishment summons is served on an employer having 1,000 or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commissions or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

__9/28/2021__
Date of Issuance of Summons

CLERK, U. S. BANKRUPTCY COURT

By _____
Deputy Clerk

_____
Date of delivery of writ of fieri facias to sheriff if different from date of issuance of this summons

§ 34-29. Maximum portion of disposable earnings subject to garnishment. -- (a) Except as provided in subsections (b) and (b1), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed the lesser of the following amounts:
  (1) Twenty-five per centum of his disposable earnings for that week, or
  (2) the amount by which his disposable earnings for that week exceed thirty times the federal minimum hourly wage prescribed by § 206(a)(1) of Title 29 of the United States Code in effect at the time earnings are payable.
  In the case of earnings for any pay period other than a week, the State Commissioner of Labor and Industry shall by regulation prescribe a multiple of the federal minimum hourly wage equivalent in effect to that set forth in this section.
  (b) The restrictions of subsection (a) do not apply in the case of
  (1) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by state law, which affords substantial due process, and which is subject to judicial review.
  (2) Any order of any court of bankruptcy under Chapter XIII of the Bankruptcy Act.
  (3) Any debt due for any state or federal tax.
  (b1) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:
  (1) Sixty per centum of such individual's disposable earnings for that week; or
  (2) If such individual is supporting a spouse or dependent child other than the spouse or child with respect to whose support such order was issued, fifty per centum of such individual's disposable earnings for that week.
  The fifty per centum specified in clause (b1)(2) shall be fifty-five per centum and the sixty per centum specified in clause (b1)(1) shall be sixty-five per centum if and to the extent that such earnings are subject to garnishment to enforce an order for support for a period which is more than twelve weeks prior to the beginning of such workweek.
  (c) No court of the State and no state agency or officer may make, execute, or enforce any order or process in violation of this section.
  The exemptions allowed herein shall be granted to any person so entitled without any further proceedings.
  (d) For the purposes of this section
  (1) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program,
  (2) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld, and
  (3) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.
  (e) Every assignment, sale, transfer, pledge or mortgage of the wages or salary of an individual which is exempted by this section, to the extent of the exemption provided by this section, shall be void and unenforceable by any process of law.
  (f) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness. (Code 1919, § 6555; 1928, p. 348; 1938, p. 574; 1948, p. 489; 1952, c. 432; 1954, cc. 143, 379; 1958, cc. 217, 417; 1960, c. 498; 1970, c. 428; 1978, c. 564.)